IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON HERVEY,

    **Plaintiff,**

    v.

LAURA HOWARD, SECRETARY OF THE
KANSAS DEPARTMENT OF AGING AND
DISABILITY SERVICES, et al.,

    **Defendants.**

Case No. 19-CV-03256-JAR-GEB

## MEMORANDUM & ORDER

Pro se Plaintiff Aaron Hervey filed this action on December 11, 2019, seeking relief under 42 U.S.C. § 1983 for alleged civil rights violations arising from an incident at Larned State Hospital in Larned, Kansas. On July 21, 2020, Defendant Howard filed a Motion to Dismiss,[1] to which Plaintiff failed to respond. This Court therefore directed Plaintiff to show cause in writing why Defendant Howard's motion to dismiss should not be granted as unopposed as described in D. Kan. Rule 7.4(b), and to file any response to Defendant Howard's motion, on or before September 14, 2020.[2] Instead of responding to the Order to Show Cause or filing a response as directed, Plaintiff filed a "Motion to Withdraw."[3] Plaintiff requests that "he be allowed to withdraw until [he] can properly educate [himself] or find someone who can truly assist [him] in this endeavor to seek proper Justice," and states that he wishes to "withdraw without prejudice."[4]

---

[1] Doc. 10.

[2] Doc. 17.

[3] Doc. 19.

[4] *Id.* at 1.

The Court construes Plaintiff's Motion to Withdraw as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Rule 41(a)(1)(A)(1) permits voluntary dismissal of an action by the plaintiff "without a court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Once the plaintiff files a Rule 41(a)(1)(A) voluntary dismissal, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."[5]  The dismissal is without prejudice "[u]nless the notice . . . states otherwise."[6]

Here, no defendant has filed an answer or a motion for summary judgment; Defendant Howard has filed only a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff's notice of voluntary dismissal therefore took effect without a court order upon filing. This Court, however, issues this Order to clarify that it construes Plaintiff's Motion to Withdraw as a notice of voluntary dismissal and to rule that Defendant Howard's Motion to Dismiss is accordingly moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

**IT IS FURTHER ORDERED** that Defendant Howard's Motion to Dismiss (Doc. 10) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: September 11, 2020

---

[5] *Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004) (quoting *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003)); *see also De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits.").

[6] Fed. R. Civ. P. 41(a)(1)(B).

<u>S/ Julie A. Robinson</u>  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE